2:07CV221-SA-SAA

**FILED**

NOV 26 2007

DAVID CREWS, CLERK
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT LEE, ) | CIVIL NO. 07-00368 ACK-KSC |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| vs. ) | RECOMMENDATION TO GRANT |
| ) | DEFENDANTS' MOTION TO |
| ) | TRANSFER |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; JOHN D. FERGUSON, ) | |
| JIMMY TURNER; ANTHONY ) | |
| GRANDE; STATE OF HAWAII ) | |
| DEPARTMENT OF PUBLIC ) | |
| SAFETY; DOE DEFENDANTS 1- ) | |
| 100 and DOE ENTITIES 1-100, ) | |
| ) | |
| Defendants. ) | |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO TRANSFER

On September 13, 2007, Defendants Corrections Corporation of America ("CCA"), John D. Ferguson ("Ferguson"), Jimmy Turner ("Turner"), and the State of Hawaii Department of Public Safety ("DPS") (collectively "Defendants") filed a Motion to Transfer ("Motion"). Plaintiff Scott Lee ("Plaintiff") filed an Opposition on September 26, 2007. On October 4, 2007, Defendants filed their Reply.

The matter came on for hearing on October 29, 2007. At counsel's request, the hearing was

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____ Deputy

consolidated as to the instant Motion and the motion to transfer filed in <u>Lonoaea, et al. v. Corrections Corporation of America, et al.</u>, CV 07-00369 JMS-KSC. Daniel Struck, Esq., appearing pro hac vice, and Brian Bilberry, Esq., appeared on behalf of Defendants. George Burke, Esq., appeared on behalf of Plaintiff. After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that the district court GRANT Defendants' Motion.

<u>BACKGROUND</u>

Due to issues of overcrowding in Hawaii prisons, DPS entered into a contract with CCA for the confinement, care and custody of Hawaii inmates at mainland facilities. Thereafter, Plaintiff was sent to Tallahatchie County Correctional Facility ("TCCF"), CCA's privately run prison in Tutwiler, Mississippi. The instant action arises out of an incident on July 17, 2005 at TCCF, during which inmates confined with Plaintiff in the Special Housing Incentive Program ("SHIP") unit allegedly attacked and beat Plaintiff. Apparently, the cell doors in the segregation unit that

2

housed Plaintiff were inadvertently unlocked, which allowed the inmates to exit their cells.  Plaintiff has since been transferred to a prison in Florence, Arizona.

On July 11, 2007, Plaintiff filed his Complaint, which alleges: 1) 42 U.S.C. § 1983 claim for failure to monitor and supervise (Count I); 2) 42 U.S.C. § 1983 claim for failure to properly train and hire (Count II); 3) negligent hiring and supervision (Count III); 4) negligence (Counts IV and V); 5) Intentional Infliction of Emotional Distress ("IIED") (Count VI); 6) Negligent Infliction of Emotional Distress ("NIED") (Count VII); 7) negligent entrustment (Count VIII); and 8) punitive damages (Count IX).

On October 4, 2007, Plaintiff filed a motion to consolidate, which this Court denied on October 15, 2007.

## DISCUSSION

Defendants argue that because a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in Hawaii, venue is improper in this district.  They therefore seek

3

transfer of the instant action to Mississippi. Even if venue were proper, Defendants postulate that transfer would nevertheless be appropriate based on the convenience of the parties and witnesses, and the interest of justice.

Plaintiff counters that the basis for his claims originate from the contract between CCA and DPS. According to Plaintiff, the series of events leading up to the incident at TCCF occurred in Hawaii and constitute a substantial part of the events or omissions giving rise to his claims such that venue properly lies in this district. Plaintiff maintains that in light of the existence of proper venue, the convenience of the parties and witnesses, and the interest of justice militate against transfer.

A.  <u>Venue in this District is Improper</u>

Where jurisdiction is not based solely on diversity of citizenship, as is the case with 42 U.S.C. § 1983 actions, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

4

>    property that is the subject of the action
>    is situated, or (3) a judicial district in
>    which any defendant may be found, if there
>    is no district in which the action may
>    otherwise be brought.

28 U.S.C. § 1391(b). There is no dispute that the applicable inquiry for determining venue in the present case is whether a substantial part of the events or omissions giving rise to the claims occurred in Hawaii.[1] "Substantiality is measured by considering the nexus between the events and the nature of the claims; [that is,] '*significant* events or *omissions* material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere.'" Ukai v. Fleurvil, Civil No. 06-00237 JMS/KSC, 2006 WL 3246615, *3 (D. Haw. Nov. 7, 2006) (quoting Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005)). The court should also look to "'the entire sequence of events underlying the claim,' Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42

---

[1] Because all Defendants do not reside in Hawaii, subsection (1) is inapplicable. As the Court will later discuss, the action could have been brought in Mississippi. Therefore, subsection (3) is not relevant to the inquiry.

5

(1st Cir. 2001), and focus[] on the defendants' (rather than the plaintiff's) actions." Id. (citations omitted).

Plaintiff asserts that venue is proper in Hawaii because a substantial part of the events or omissions giving rise to his claims occurred here.[2] In particular, Plaintiff focuses on the contract between CCA and DPS, under which inmates such as himself were involuntarily moved to prisons on the mainland. Plaintiff charges DPS with maintaining and overseeing the safety and well-being of the Hawaii inmates. He

---

[2] Plaintiff emphasizes that because CCA, a corporation, availed itself of this forum by contracting with DPS, it is deemed a resident of Hawaii for venue purposes. While the Court recognizes that defendant corporations are found to reside in any judicial district in which they are subject to personal jurisdiction at the time the lawsuit commences, see 28 U.S.C.§ 1391(c), CCA's residence is irrelevant to the second test under § 1391(b). Indeed, "[t]he statutory standard for venue focuses not on whether a defendant has made a deliberate contact-a factor relevant in the analysis of personal jurisdiction-but on the location where events occurred." Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (footnote omitted). CCA's residence would be relevant under the test set forth in § 1391(b)(1) if all the remaining defendants were also residents of Hawaii. However, it is undisputed that Turner and Ferguson reside out of state.

explains that the contract included reporting obligations that would enable DPS to monitor the treatment of the Hawaii inmates. It is Plaintiff's position that DPS's failures and omissions, which took place in Hawaii, caused the subject incident. Although Plaintiff acknowledges that the subject incident occurred in Mississippi, he insists that venue is proper in Hawaii because the significant events leading up to his claims took place in Hawaii.

In his Opposition, Plaintiff focuses closely on DPS's obligations as provided for in the contract.[3] Yet all of Plaintiff's claims in the Complaint sound in tort/civil rights. Plaintiff directs the bulk of his allegations in his Complaint at CCA, Turner, and Ferguson. The only claims asserted against DPS are Count V (negligence), Count VI (IIED), and Count VII (NIED). When assessing venue in tort actions, courts

---

[3] Plaintiff does not allege breach of contract in the Complaint, but venue inquiries in contract claims are determined by the "place of intended performance rather than the place of repudiation." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) (citations omitted). In the instant case, the place of intended performance is Mississippi.

7

consider factors such as "the place where the allegedly tortious actions occurred and the place where the harms were felt." 14D Charles A. Wright, Arthur R. Miler, Edward H. Cooper, Federal Practice and Procedure § 3806.1; see also Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001) (locus of the injury is a relevant factor).

Here, it is clear that the significant events or omissions material to Plaintiff's claims occurred in Mississippi, not Hawaii. The subject incident, during which Plaintiff allegedly sustained injuries, occurred at TCCF. The allegedly negligent monitoring, supervision, training, and hiring by CCA, Turner, and Ferguson, all occurred in Mississippi. Moreover, the IIED and NIED claims primarily, if not entirely, stem from the subject incident and the conduct related thereto. Plaintiff experienced these harms and injuries in Mississippi.

Even if the Court were to accept Plaintiff's contention that the contract between CCA and DPS triggered a sequence of events that led to his injuries, any conduct or omission by DPS in Hawaii

8

cannot be said to have substantially given rise to Plaintiff's claims. Plaintiff alleges that DPS failed to properly investigate, research and monitor CCA's prison facilities (negligence claim). However, any investigation, monitoring, or failures related to the same would likely have occurred in Mississippi, not Hawaii. This is particularly so in light of the fact that DPS had State of Hawaii employees at TCCF to monitor performance of the contract and to inspect the facility. The Court accordingly finds that because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mississippi, not Hawaii, venue in this district is improper. See, e.g., Grandinetti, II v. Bauman, CV 07-00089 ACK-KSC, 2007 WL 676012 (D. Haw. Feb. 28, 2007) (holding that Hawaii venue is improper where 1) the Hawaii defendants were dismissed and the remaining defendants did not reside in Hawaii and 2) the plaintiff's claims clearly arose from incidents that allegedly occurred at TCCF and were allegedly perpetrated by prison officials in Mississippi); see also Jones v. Corrections Corp. of

America, CV 06-00651 HG-LEK, 2006 WL 2983018 (D. Haw. Oct. 16, 2006) (finding Hawaii venue improper where the plaintiff's claims arose from allegedly improper medical care received at a facility in Arizona and at TCCF and none of the defendants resided in Hawaii).

B.  <u>Transfer is Appropriate in the Interest of Justice</u>

Section 1406(a) of Title 28 of the United States Code applies to actions when venue is not proper in the district where a plaintiff originally filed suit. It provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should assess the merits of a plaintiff's case in deciding whether the interest of justice requires transfer rather than dismissal. See, e.g., <u>King v. Russell</u>, 963 F.2d 1301, 1304 (9th Cir. 1992) (examining the plaintiff's to determine whether dismissal or transfer was appropriate). Neither Defendants nor the evidence before the Court suggests that Plaintiff brought the

action in bad faith. Under the circumstances and in the interest of justice, the Court thus finds that transfer rather than dismissal is appropriate.

C.   Transfer is Appropriate Even if Venue Were Proper

Had the Court determined that venue was proper in this district, it would nevertheless recommend transferring the case to Mississippi. Section 1404(a) of Title 28 of the United States Code governs cases where the transferor court is the proper venue for the action. It provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of the section is to "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of

11

convenience and fairness." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 (1988) (citation and internal quotation marks omitted).

The Ninth Circuit has stated that courts must weigh multiple factors in considering a motion for change of venue. <u>See</u> <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000). These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

<u>Id.</u> at 498-99 (internal footnotes omitted). In applying § 1404(a), the Court must engage in a two-part inquiry. First, the Court determines whether the action could have been brought in the transferee court. Second, the Court considers whether "the transfer 'will enhance the convenience of the parties and witnesses, and is in the interests of justice.'" <u>Robinson Corp.</u>

12

v. Auto-Owners Ins. Co., 304 F. Supp. 2d 1232, 1243 (D. Haw. 2003); see also Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp. 2d 1209, 1213 (D. Haw. 2002).

It is undisputed that Plaintiff could have brought the action in the Northern District of Mississippi. The Court therefore limits its analysis to the second inquiry, which requires consideration of three factors: 1) convenience of the parties; 2) convenience of the witnesses; and 3) the interests of justice. Id. (citing Lung v. Yachts Int'l, Ltd., 980 F. Supp. 1362, 1370 (D. Haw. 1997)). If, upon balance of these factors, a court finds that the other forum is *clearly more convenient*, it will transfer the action. Id. In assessing the interest of justice prong, the Court also considers public and private interest factors borrowed from the doctrine of *forum non conveniens*. Lung, 980 F. Supp. at 1370 (citing Decker, 805 F.2d at 843). The public factors include:

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interests in having localized controversies decided at home; [and] (4) the interest in having a diversity case

13

>   tried in a forum familiar with the law that governs the action . . . [and] the avoidance of unnecessary conflicts of law.

Robinson, 304 F. Supp. 2d at 1244 (citing Lung, 980 F. Supp. at 1370) (citation omitted).

>   Private factors include:
>
>   (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of witnesses; (3) possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive.

Id. (citing Lung, 980 F. Supp. at 1370) (citation omitted).

After considering and balancing the foregoing factors, the Court finds that transfer to Mississippi is appropriate. All of the parties except for DPS[4] are on the mainland, as are a number of the witnesses. Defendants anticipate that thirty to forty CCA employees will testify. Their Scheduling Conference Statement identifies 50 individuals who they expect to call as witnesses or depose, nearly all of whom are CCA

---

[4] According to defense counsel, DPS fully supports transfer to the Mississippi, where venue properly lies.

14

employees at TCCF and all of whom reside in Mississippi. Defendants also expect to depose Plaintiff, Hawaii inmates, and medical providers who are either housed in or reside in Mississippi or Arizona. Defendants explain that because a number of CCA employees at TCCF would testify, TCCF's operations would be significantly burdened if its employees have to attend trial in Hawaii. Certainly, the convenience of the witnesses that Defendants expect to call would be served by transfer.

Plaintiff notes that the SHIPS unit at TCCF housed exclusively Hawaii inmates. He believes that those inmates have either been transferred to facilities outside Mississippi or returned to Hawaii and released. Plaintiff emphasizes that having these inmates return to Mississippi would cause substantial inconvenience and impair his ability to prevail at trial. The Court is unpersuaded. Other than generally asserting that many inmate witnesses are located in Hawaii, Plaintiff has not identified any of these

witnesses nor approximated the number of witnesses located here versus Arizona. With respect to those inmates who remain in facilities on the mainland, travel to Mississippi would be less costly than travel to Hawaii. Hawaii venue is preferable only as to the inmates who are either incarcerated here or who have been released and reside in Hawaii. However, there is an absence of evidence to suggest that the majority of inmate witnesses, or even a handful of inmate witnesses, are in Hawaii.

In accordance with the foregoing, it is clear that the majority of witnesses and parties reside in Mississippi or on the mainland. The parties and witnesses not residing in Mississippi[5] at the time of trial can more easily travel to Mississippi than Hawaii, which weighs heavily in favor of transfer.

---

[5] CCA, Turner, and Ferguson reside in Tennessee. Plaintiff is currently incarcerated in Arizona. At the hearing, Plaintiff's counsel represented that he anticipates Plaintiff to be paroled in three to six months. Without any evidence to support this argument, the Court will not speculate about Plaintiff's potential whereabouts at the time of trial.

16

Further, the interest of justice will be served by transfer. Given that the subject incident occurred in Mississippi, there is a local interest in having the controversy decided there.[6] TCCF would also be accessible for viewing, if necessary. As it appears that many of the witnesses reside in Mississippi, compulsory process would be available for the attendance of unwilling witnesses. Finally, the availability of records does not weigh strongly in favor of either venue, as it appears that records are maintained both in Hawaii and Mississippi. Upon consideration of the statutory and private and public factors discussed above, and finding that they conclusively weigh in favor of Mississippi venue, the Court finds that transfer is appropriate.

## CONCLUSION

Based on the foregoing, the Court FINDS that

---

[6] The Court recognizes that Hawaii also possesses an interest because the action involves a Hawaii inmate. However, the Court finds that because a substantial part of the claims arises from conduct and/or omissions in Mississippi, Mississippi's interest is greater.

17

venue in this district is improper and that transfer serves the interest of justice. Further, even if venue properly lay in Hawaii, transfer of this case would be appropriate. The Court accordingly RECOMMENDS that the district court GRANT Defendants' Motion to Transfer and ORDER transfer of this action to the Northern District of Mississippi.

    IT IS SO FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, October 29, 2007.



                        Kevin S.C. Chang
                        United States Magistrate Judge

CV 07-00368 ACK-KSC; <u>Lee v. Corrections Corp. of America, et al.</u>;
FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO TRANSFER